### CINCINNATI v. MARIA A. ROTH ET AL.

HIGHWAYS—GRADE OF TRAVELED PORTION ESTABLISHES WHOLE GRADE.

Where the traveled portion of a street has been used for such a length of time as to constitute a grade by user, the grade of such traveled portion determines the grade for the whole width of the street; and whenever the whole road is found necessary for the public travel, the public has the right to improve it, to correspond with the traveled portion, without being responsible to the abutting property owners for any change in the surface of the ground where their property abuts the road.

HEARD ON ERROR.

SWING, J.

This was an action under the statute to assess compensation for damages to property owners by reason of the improvement of Observatory avenue in said city. The defendants filed answers claiming damages in the sum of $3,000. A trial was had in the court of common pleas, and a verdict was returned for $1,350. The city prosecutes error in this court, alleging numerous grounds of error.

The following facts appear to be undisputed. Observatory avenue is a street sixty feet wide, one-half of which lies within the city of Cincinnati, and the other half within the village of Hyde Park. Long before it was a street it was a traveled public road. In the year 1891, it being some time after the defendants had improved the property in question, the city of Cincinnati passed an ordinance establishing the grade of the portion of the avenue within the city in front of defendants' property. The village of Hyde Park, in the year 1897, improved the portion of the avenue within said village to conform to the grade established by said city and the improvement now sought to be made is in accordance with said grade. No grade had ever been established for said avenue prior to November, 1891. At this time, and at the time the defendants improved their property and for a long time prior thereto, and up to the time the village of Hyde Park improved its half of the avenue, the portion of the avenue within the city in front of defendants' property was in its natural condition, and was not used by the public for the purpose of travel ; the traveled portion of the roadway was north of the city's thirty feet, and was in that portion of the roadway now in the village of Hyde Park. The portion of the avenue within the city was used as a part of defendants' lawn in front of their property. The improvement contemplated requires a cut of 6.6 feet at one side and 8.2 feet at the other side of their property. The grade as established and the improvement as contemplated is about three feet lower than the traveled grade of the old road.

If the avenue had been improved in front of defendants' property in accordance with the grade of the traveled portion of the road, it would have required a cut at the line of plaintiff's property, but not to the extent as now contemplated by nearly three feet, 280.6 being the exact amount. The city admitted that it was liable for all damages resulting from a change of grade below the grade of the old traveled road, but claimed it was not liable for cutting down in front of defendants' property to a proper level with the old traveled grade, but for the 280.6 ; which was the distance of the established grade below the old grade, it admitted liability. The court, however, throughout the trial, ruled that the city was liable for damages for the whole cut of 6.6 to 8.2.

In taking this view of the law we think the court erred. There is no claim here that the grade as now established is not a proper and reasonable grade ; and if it was not for the fact that the defendants improved their property with a view to an old grade of a public highway established by user for a long number of years, they could not recover for any damages by reason of change in the surface of the soil at the intersection of their property with the street ; but their being an established grade to the traveled roadway, under the laws of our state they were protected in making their improvements in accordance with it ; but this protection would not include the whole part of the ground included within the limits of the roadway in its natural condition, but only that portion of the roadway which was used for travel. Whenever

the whole of the road was found. necessary for the public travel the public had the right to improve it to correspond with the old traveled portion, without being responsible to the abutting property owner for any change in the surface of the ground where his property abutted on the road. If this could be done without any right in damages accruing to the property holder, it would seem to follow that damages could only be allowed where a change of grade is made for the difference between what the public had the right to take and that which it had not.

All the evidence admitted to be placed before the jury was upon the theory that the defendants could recover for the whole amount of the injury caused by cutting the line down to 6.6 and 8.2 at the two sides of defendants' property, and the verdict must have been rendered on this evidence. The question was raised upon the application of the city to introduce evidence upon the claim of the city, but this was refused by the court. But without passing on the numerous questions raised in the record, it is probably best to say that we think the judgment should be reversed and the cause remanded for a new trial on the ground that the judgment is not sustained by the evidence.

   · *H. K. Roger*s and *F. H. Kunkel*, for the city.

   *L. W. Goss, Johnson & Levy* and *Walter DeCamp*, contra.